**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1061

PAUL A. LEWIS,

             Plaintiff – Appellant,

        v.

SLOAN D. GIBSON, Acting Secretary of the Department of
Veteran Affairs,

             Defendant – Appellee,

        and

DEPARTMENT OF VETERANS AFFAIRS; ERIC K. SHINSEKI, SECRETARY
OF DEPARTMENT OF VETERAN AFFAIRS,

             Defendants.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Senior District Judge.  (1:12-cv-01189-JAB-JEP)

Submitted:  July 31, 2015            Decided:  August 14, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary March Williams Exum, THE EXUM LAW OFFICE, Asheville, North
Carolina, for Appellant.  Joan B. Binkley, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Lewis ("Appellant") appeals the district court's order granting the motion for summary judgment filed by Sloane D. Gibson, Acting Secretary of the Department of Veterans Affairs ("VA"), and dismissing Appellant's employment discrimination complaint. Appellant argues that the VA failed to reasonably accommodate his medical disabilities and retaliated against him for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). We affirm.

We review the grant of summary judgment de novo. Cloaninger v. McDevitt, 555 F.3d 324, 330 (4th Cir. 2009). All facts and reasonable inferences are viewed "in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conclusory or speculative allegations do not suffice, nor does 'a mere scintilla of evidence' in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (quoting Phillips v. CSX Transp., Inc., 190 F.3d 285, 287 (4th Cir. 1999) (per curiam)).

Appellant first contends that the VA failed to reasonably accommodate his disabilities. The Rehabilitation Act prohibits

3

federal agencies from discriminating against a qualified individual "solely by reason of her or his disability."  29 U.S.C. § 794(a).

To establish a claim under the Rehabilitation Act for a failure to accommodate, a plaintiff must show that (1) he has a disability; (2) his employer knew of the disability; (3) with reasonable accommodations he is otherwise qualified to perform the essential functions of the employment position in question; and (4) his employer refused to make such reasonable accommodations.  See Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (listing elements of a failure to accommodate claim brought pursuant to the Americans with Disabilities Act ("ADA")); cf. Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264 n.9 (4th Cir. 1995) (explaining that the same analysis is applied to ADA and Rehabilitation Act discrimination claims).  This dispute centers on the qualified individual element.  This element consists of two considerations: whether the specific accommodation requested was reasonable and whether, if the requested accommodation was provided, the plaintiff could perform the essential functions of the position.  Jacobs v. N.C. Admin. Office of the Cts., 780 F.3d 562, 580 (4th Cir. 2015).

The accommodations requested by Appellant were not reasonable.  He first proposed that DVAMC decrease its

4

performance standards; but doing so would necessitate changing the essential functions of his employment. Courts have roundly held that such requests are unreasonable. See, e.g., Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (11th Cir. 2001) ("[E]mployers are not required to transform the position into another one by eliminating functions that are essential to the nature of the job as it exists."); accord Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 950 (8th Cir. 1999). He also requested a reduced workload, but "an accommodation that would require other employees to work harder is unreasonable." Mason v. Avaya Commc'ns, Inc., 357 F.3d 1114, 1121 n.3 (10th Cir. 2004); accord Bratten v. SSI Servs., Inc., 185 F.3d 625, 632 (6th Cir. 1999); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 866-67 (7th Cir. 2005). His request for an assistant is likewise unreasonable because the Rehabilitation Act -- like the ADA -- does not "require an employer to hire an additional person to perform an essential function of a disabled employee's position." Martinson v. Kinney Shoe Corp., 104 F.3d 683, 687 (4th Cir. 1997). Accordingly, we conclude that the district court appropriately granted summary judgment as to Appellant's failure to accommodate claim.

Appellant's remaining challenge is that the VA retaliated against him for filing an EEOC complaint. To prevail on a retaliation claim, a plaintiff must either provide sufficient

direct and indirect evidence of retaliation, or proceed under the familiar burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Cf.</u> <u>Rhoads v. FDIC</u>, 257 F.3d 373, 392 (4th Cir. 2001).

Under the former avenue, a plaintiff must produce direct or indirect evidence of a "stated purpose to discriminate . . . of sufficient probative force to reflect a genuine issue of material fact." <u>Rhoads</u>, 257 F.3d at 391 (quoting <u>Brinkley v. Harbour Recreation Club</u>, 180 F.3d 598, 607 (4th Cir. 1999)). "What is required is evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." <u>Id.</u> at 391-92 (quoting <u>Brinkley</u>, 180 F.3d at 607).

Under the latter, a plaintiff must first establish a prima facie case of retaliation by demonstrating "(1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action." <u>King v. Rumsfeld</u>, 328 F.3d 145, 150-51 (4th Cir. 2003). If the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to articulate a legitimate, nonretaliatory basis for the action. <u>See</u> <u>Laing v. Fed. Express Corp.</u>, 703 F.3d 713, 719 (4th Cir. 2013). Notably, when the defendant proposes such a basis, "it

6

is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." Id. at 722 (quoting Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000)). If the defendant meets this burden, the plaintiff must show that the proffered reason is pretextual. See id. at 719. While not necessarily required, comparator evidence -- "evidence that other employees who were similarly situated to the plaintiff (but for the protected characteristic) were treated more favorably -- is "'especially relevant' to a showing of pretext." Id. (quoting McDonnell Douglas, 411 U.S. at 804).

We hold that there is insufficient evidence to sustain a claim of retaliation under either approach. Appellant offers no direct evidence of retaliatory motive, and the temporal proximity between his protected activity and termination is, without more, insufficient to create a genuine issue of material fact. Even assuming that he could state a prima facie case of retaliation, the VA offered a legitimate, non-retaliatory reason for his termination: performance. Appellant presents nothing to suggest that the VA's proffered basis was insincere or pretextual. We thus agree with the district court's decision to grant the VA's motion for summary judgment on Appellant's retaliation claim.

7

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED